UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERARDO DANIEL DIAZ,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2495

Hon. Hala Y. Jarbou

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### **I. Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner under appropriate conditions of supervision. (Pet., ECF No. 1, PageID.7.) In an order entered on September 4, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response on September 10, 2026. (ECF No. 7.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Cuba who entered the United States in 1980. (Pet. Br., ECF No. 2, PageID.14; Hughley Decl. ¶ 4, ECF No. 7-1, PageID.49.) In 1991, an Immigration Judge ordered Petitioner removed to Cuba. (Hughley Decl. ¶ 5, ECF No. 7-1, PageID.50.)

After several criminal convictions, ICE agents detained Petitioner and released him on an Order of Supervision in 2015. (*Id.* ¶ 27, PageID.53.) Petitioner was detained and released by ICE eight additional times before Petitioner was most recently released on an Order of Supervision on April 17, 2026. (*Id.* ¶¶ 28–37, PageID.53–54.) On August 6, 2026, Petitioner was convicted of Cocaine Possession. (*Id.*, ¶ 40, PageID.54.) On August 14, 2026, ICE agents arrested Petitioner and placed him in ICE custody. (*Id.*, ¶ 41, PageID.55.) The following day, August 15, 2026, the Department of Homeland Security (DHS) issued Petitioner a Notice of Revocation of Release. (Notice of Revocation of Release, ECF No. 7-2, PageID.57–58.) Petitioner was provided with an informal interview concerning the reasons for the revocation that same day. (Notice of Informal Interview, ECF No. 7-2, PageID.59.)

On October 15, 2026, the Court directed Respondents to submit a notice regarding the current status of their efforts to remove Petitioner (ECF No. 9). Respondents filed an affidavit stating that they "intend[] to remove [Petitioner] on a Third Country Removal to Mexico on Sunday October 25, 2026." (Pinson Aff ¶ 42, ECF No. 10-1.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. In response, Respondents argue that Petitioner's order of supervision was properly revoked and that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Here, it is undisputed that Petitioner's order of removal is administratively final. Ordinarily, when an individual is issued a final order of removal, that person must be detained and removed from the country within 90 days. 8 U.S.C. § 1231(a)(1)(A). However, under § 1231(a)(6), the government is permitted to release individuals who are deemed "inadmissible" under specified terms of supervision. *Id.* § 1231(a)(6). Consistent with § 1231(a)(6), Petitioner was last released from detention with an Order of Supervision on April 17, 2026.

The government has promulgated regulations in the Code of Federal Regulations concerning the release of noncitizens who are subject to a final removal order. *See* 8 C.F.R. § 241.4; 8 C.F.R. § 241.13. These regulations—specifically, §§ 241.4 and 241.13—also govern the revocation of such noncitizens' release. The agency must comply with the applicable regulatory and statutory requirements. *See, e.g.*, *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954), *superseded in part by statute on other grounds as recognized in Dept. of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 135 (2020

8 C.F.R. § 241.4 generally governs the continued detention of noncitizens under a final order of removal. Section 241.4(l)(2) provides:

> The Executive Associate Commissioner shall have authority, in the exercise of discretion, to revoke release and return to Service custody an alien previously approved for release under the procedures in this section. A district director may also revoke release of an alien when, in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner. Release may be revoked in the exercise of discretion when, in the opinion of the revoking official:
>
> (i) The purposes of release have been served;
>
> (ii) The alien violates any condition of release;
>
> (iii) It is appropriate to enforce a removal order or to commence removal proceedings against an alien; or
>
> (iv) The conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate.

8 C.F.R. § 241.4.

Section 241.13 governs the detention of noncitizens under a final order of removal where "there is no significant likelihood of removal in the reasonably foreseeable future." § 241.13(b). If the noncitizen was released pursuant to § 241.13, release may be revoked if, "on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." § 241.13(i)(2).

Further, the regulations governing release provide that, "[u]pon revocation of release," the noncitizen "will be notified of the reasons for revocation of his or her release," and will be given "an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(l)(1); 8 C.F.R. § 241.13(i). Courts examining the requirements for revocation of release following a final order of removal have consistently held that the procedural requirements of notice and an interview are required for revocation of a noncitizen's release. *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1163 (S.D. Cal. 2025) (collecting cases; citations omitted).

Here, Petitioner was provided with notice of the reasons for the revocation of his release and an informal hearing on August 15, 2026, promptly after his August 14, 2026, arrest. 8 C.F.R. § 241.4(l)(1); 8 C.F.R. § 241.13(i); (*see* Notice of Informal Interview, ECF No. 7-2, PageID.59). Therefore, Petitioner is not entitled to habeas relief.

Petitioner also argues that he is entitled to release under *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001), because he is unaware of "any concrete development establishing that removal is now significantly likely in the reasonably foreseeable future." (Pet. Br., ECF No. 2, PageID.15.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added).

Here, Petitioner's order of removal became final in 1991. Therefore, it is undisputed that the 90-day period expired long before Petitioner's present detention.

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

"Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the

reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

Petitioner has been detained for less than six months since his August 14, 2026, arrest. Petitioner argues, however, that the six-month period has already expired because his removal order was issued several decades ago, and he has previously been detained for over six months total pursuant to that order. (*See* Pet'r's Br. ¶¶ 8, 10, ECF No. 2 (stating Petitioner was detained for two years and again for six months).) "[D]istrict courts are split on which time should 'count' when calculating the presumptively reasonable six-month period." *Abedi v. Carter*, --- F.4th ----, No. 25-3179, 2026 WL 3149141, at *26 (10th Cir. Oct. 21, 2026) (holding "that *Zadvydas*'s six-month presumption applies only to the first six months that elapse after the removal period is triggered"). Here, the Court finds it unnecessary to resolve that issue. Regardless of whether the six-month period has elapsed, Petitioner's removal is reasonably foreseeable. Respondents represent they are pursuing a third-country removal for Petitioner and that he was scheduled to be deported to Mexico on October 25, 2026. Thus, Petitioner's removal is either reasonably foreseeable or has already occurred.

Accordingly, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. (ECF No. 1.)[1]

Dated: October 27, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

[1] Because this opinion and the accompanying judgment resolve this matter in its entirety, Petitioner's motion seeking relief during the pendency of this action (ECF No. 3) is moot.